# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS- HOUSTON DIVISION

---

MALIBU MEDIA, LLC,

    Plaintiff,

VS.

SUBSCRIBER 81176,

    Defendant.

CASE NO. 4:18-cv-02450

Judge Hughes

---

## MOTION TO QUASH

COMES NOW JOHN DOE SUBSCRIBER 81176 ("Defendant Doe" herein) and states as follows:

1.    Pursuant to Federal Rule of Civil Procedure 45(c)(3)(A), Defendant Doe designated by IP Address 73.136.81.176 ("Defendant Doe") files this Motion to Quash Subpoena (the "Motion") served upon Custodian of Records, Comcast Cable Communications Management, LLC ("Comcast"), because Defendant Doe must be protected from the annoyance, embarrassment, oppression, and undue burden and expense associated with revealing his/her personal information, Defendant Doe's anonymous speech is privileged and protected by the First Amendment, and the Subpoena seeks irrelevant information.

2.    Malibu Media, LLC ("Plaintiff") sued Defendant Doe for allegedly reproducing and distributing an adult video owned by Plaintiff. As conceded by Plaintiff in paragraph 9 of its Complaint, Defendant Doe's actual name is unknown to Plaintiff. Instead, Defendant is known to Plaintiff only by an Internet Protocol address ('IP address')

3.    Defendant Doe is a resident of Texas. Comcast is an internet service provider that provides internet service to customers, including Defendant Doe. Plaintiff is a producer of adult

content media. Plaintiff subpoenaed Comcast ("the Subpoena") to compel disclosure of Defendant Doe's address and name so that Plaintiff can name Defendant Doe in its copyright infringement action. A true and correct copy of the Subpoena is attached as Exhibit "A."

4. Plaintiff alleges that Defendant Doe allegedly downloaded their copyrighted material six times, beginning in February of 2017 and ending in June of 2018.

5. Defendant Doe rented the property where the IP address named by Plaintiff is located and has at other times had boarders at the property. Defendant Doe operates an open wireless network at the property.

6. Defendant Doe has standing to move to quash the subpoena because Defendant DOE must be protected from the annoyance, embarrassment, oppression, and undue burden and expense associated with revealing his/her personal information, Defendant Doe's anonymous speech is privileged and protected by the First Amendment, and the Subpoena seeks irrelevant information. Federal Rule of Civil Procedure 45(c)(3)(B) permits a person affected by, but not subject to, a subpoena to move to quash the subpoena.

7. According to the docket sheet for this lawsuit, no defendant has been named in this lawsuit. Thus, at this moment, the U.S. District Court for the Southern District of Texas lacks personal jurisdiction over Defendant Doe.

**I. Annoyance, Embarrassment, Oppression, and Undue Burden and Expense**

8. The Subpoena also should be quashed because Defendant Doe must be protected from the annoyance, embarrassment, oppression, and undue burden and expense associated with revealing his/her personal information. *See* FED. R. CIV. P. 45(d)(3).

9. Rule 26(c) of the Federal Rules of Civil Procedure "authorizes a district court to modify or even quash a subpoena in order to protect a party or person from annoyance,

embarrassment, oppression, or undue burden or expense." *In re Edelman*, 295 F.3d 171, 178 (2d Cir. 2002). In an order denying certification for interlocutory review of the court's denial of plaintiff's motion for expedited discovery ("the Order"), the United States District Court for the Central District of Illinois notes:

> Where an IP address might actually identify an individual subscriber and address the correlation is still far from perfect ... The infringer might be the subscriber, someone in the subscriber's household, a visitor with her laptop, a neighbor, or someone parked on the street at any given moment.

Order of Apr. 29, 2011, *VPR Internationale v. Does 1–1017*, No. 2:11-cv-02068 (Central Dist. of Illinois), a true and correct copy of which is attached hereto as Exhibit "B." Like the ISPs mentioned in the order in *VPR Internationale*, the ISP in this case was open and accessible by multiple people, some of which have since moved and their locations currently are unknown to Defendant Doe.

> The Order also provides:
>
> Orin Kerr, a professor at George Washington University Law School, noted that whether you're guilty or not, "you look like a suspect." Could expedited discovery be used to wrest quick settlements, even from people who have done nothing wrong? *The embarrassment of public exposure might be too great*, the legal system too daunting and expensive, for some to ask whether [the plaintiff] has competent evidence to prove its case.

Exhibit "B," (emphasis added). Here, Plaintiff is utilizing the Subpoena "to wrest quick settlements" from people who "have done nothing wrong[.]" *Id*. Because of the annoyance,

embarrassment, oppression, and undue burden and expense associated with the revealing of Defendant Doe's personal information, the Subpoena must be quashed.

## II. The Subpoena Requires Disclosure of Privileged and Protected Matter

10. So, too, should the Subpoena be quashed because Defendant Doe's anonymous speech is privileged and protected by the First Amendment. *See* FED. R. CIV. P. 45(c)(3)(A)(iii).

11. The decision to remain anonymous "is an aspect of the freedom of speech protected by the First Amendment." *McIntyre v. Ohio Elections Comm'n*, 514 U.S. 334, 342 (1995). This fundamental right applies to a variety of contexts including an anonymous political leaflet, an Internet message board, or a video-sharing site. *See Reno v. ACLU*, 521 U.S. 844, 870 (1997) (there is "no basis for qualifying the level of First Amendment scrutiny that should be applied" to the Internet); *see also, e.g., Doe v. 2themart.com, Inc.*, 140 F. Supp. 2d 1088, 1092 (W.D. Wash. 2001) (the Internet promotes the "free exchange of ideas" because people can easily engage in such exchanges anonymously). Moreover, the First Amendment protects anonymous publication of expressive works on the Internet, even if the publication is alleged to infringe copyrights. *See Sony Music Entm't, Inc. v. Does 1–40*, 326 F. Supp. 2d 556, 564 (S.D.N.Y. 2004) ("[T]he use of P2P file copying networks to download, distribute or make sound recordings available qualifies as speech entitled to First Amendment protection."); *see also, e.g., Interscope Records v. Does 1–14*, 558 F. Supp. 2d 1176, 1178 (D. Kan. 2008); *UMG Recordings, Inc. v. Does 1–4,* No. 06-0652, 2006 WL 1343597, at *2 (N.D. Cal. Mar. 6, 2006); *In re Verizon Inernet Servs. Inc.*, 257 F. Supp. 2d 244, 260 (D.D.C. 2003), *rev'd on other grounds*, 351 F.3d 1229 (D.C. Cir. 2003). Attempts to pierce anonymity are subject to a qualified privilege that a court must consider before authorizing discovery. *See, e.g., Grandbouche v. Clancy*, 825 F.2d 1463, 1466 (10th Cir. 1987) (citing *Silkwood v. Kerr-McGee Corp.,* 563 F.2d 433, 438 (10th Cir. 1977) ("[W]hen the subject of a

discovery order claims a First Amendment privilege not to disclose certain information, the trial court must conduct a balancing test before ordering disclosure.").

12.     According to the balancing test articulated in *Dendrite Int'l, Inc. v. Doe No. 3*, a court must "balance the defendant's First Amendment right of anonymous free speech against the strength of the prima facie case presented and the necessity for the disclosure of the anonymous defendant's identity to allow the plaintiff to properly proceed."  *Dendrite Int'l, Inc. v. Doe No. 3*, 775 A.2d 756, 760–61 (N.J. App. 2001).  As demonstrated throughout this Motion, Plaintiff's prima facie case for copyright infringement is weak, because it can neither link infringement to the individual Does nor show that the Doe conspired to infringe Plaintiff's copyrighted media.  Accordingly, the *Dendrite* balancing test weighs in favor of Defendant Doe, and this Motion should be granted.  *Id.*

### III.  The Subpoena Seeks Irrelevant Information

13.     The Subpoena also should be quashed because the information sought is irrelevant to Plaintiff's lawsuit.  The reach of a subpoena issued pursuant to Federal Rule of Civil Procedure 45 is restricted to the general relevancy standard applicable to discovery under Federal Rule of Civil Procedure 26(b)(1).  *Eisermann v. Greene*, 1998 WL 164821, at *2 (S.D.N.Y. 1998) (granting

motion to quash on ground that requested information was of "doubtful and tangential relevance"); *Cofield v. City of LaGrange*, 913 F. Supp. 608, 614 (D.D.C. 1996) (court has authority to enforce broad relevancy standard against subpoena under Federal Rule of Civil Procedure 26(b))); *Sierra Rutile Limited v. Katz*, 1994 WL 185751, at *3 (S.D.N.Y. 1994) (*accord*).

14. Here, as in *Eisermann*, the information Plaintiff seeks is of "doubtful and tangential relevance." *Eisermann*, 1998 WL 164821 at *2. The information sought by Plaintiff in the Subpoena is irrelevant because Plaintiff cannot link infringement to the individual Doe. Accordingly, the Subpoena must be quashed. *Id.*

## IV. Conclusion

Defendant Doe has established that he/she must be protected from the annoyance, embarrassment, oppression, and undue burden and expense associated with revealing his/her personal information; that his/her anonymous speech is privileged and protected by the First Amendment; and that the Subpoena seeks irrelevant information. For these reasons, Defendant Doe moves this Court to quash the Subpoena.

**ATTORNEYS FOR DEFENDANT DOE**

*/s/ Siri Khalsa*
Siri Khalsa
SBT 24070052/SDT 1064465
1515 Witte Road, Suite 160
Houston, Texas 77080
(713) 686-5444
(713) 686-0703 Fax
skhalsa@whkllp.com E-mail

.

## CERTIFICATE OF SERVICE

    I, Siri Khalsa, counsel for Defendant Doe (IP Address 73.136.81.176), hereby certify that I have this 8th day of September, 2018, filed the foregoing pleading in the United States District Court for the Southern District of Texas via the Court's ECF system which sent notification of such filing to the following:

    Paul S. Beik, Esq.
    BEIK LAW FIRM, PLLC
    8100 Washington Ave, Suite 1000
    Houston, Texas 77007

                                          */s/ Siri Khalsa*
                                          Siri Khalsa